UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BOARD OF TRUSTEES OF THE UNITED UNION
OF ROOFERS, WATERPROOFERS & ALLIED
WORKERS LOCAL UNION NO. 8 W.B.P. & A. FUNDS,

                            Plaintiffs,

                                                                             **REPORT AND**
   - against -                                                      **RECOMMENDATION**

DITMARS ROOFING & SHEETMETAL                06 CV 4854 (SLT)
CONTRACTORS, INC.,

                            Defendant.
------------------------------------------------------------------X

On September 7, 2006, the Board of Trustees of the United Union of Roofers, Waterproofers & Allied Workers Local Union No. 8 W.B.P. & A Funds (the "Funds"), filed this action against defendant Ditmars Roofing & Sheetmetal Contractors, Inc. ("Ditmars"), pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq. ("ERISA"), and Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185, seeking an Order requiring Ditmars to pay delinquent contributions owed to the Funds, as well as interest, attorneys' fees and costs. (Henke Aff.[1] ¶¶ 5-6).

Following service of the Complaint on September 2006 through the Office of the Secretary State of New York (id. ¶ 6, Ex. 6), defendant Ditmars failed to appear. (Id. ¶ 8). When the defendant failed to file an answer or otherwise move with respect to the Complaint in a timely manner, the Clerk of the Court entered a default on January 30, 2007 with respect to the

---

[1] Citations to "Henke Aff." refer to the Affirmation of Damages and Costs of Dana L. Henke, Esq., dated October 10, 2007.

Funds' claims. On September 19, 2007, the matter was referred to the undersigned to conduct an inquest on damages and prepare a report and recommendation.

For the reasons set forth below, it is respectfully recommended that plaintiff be awarded $133,109.04 in delinquent contributions, plus interest in the amount of $121,063.91, and $2,327.50 in attorneys' fees and costs.

## FACTUAL BACKGROUND

According to the Complaint, this action is brought by the Trustees of the Funds, which are jointly administered, multi-employer, labor-management employee benefit plan trust funds that provide fringe benefits to employees performing services within the jurisdiction of the United Union Roofers, Waterproofers, & Allied Workers Local Union No. 8 W.B.P. & A. (the "Union"). (Compl. ¶¶ 5-6).[2]

Defendant Ditmars is a New York corporation, located at 92 Field Street, West Babylon, New York, and is an employer within the meaning of ERISA. (Id. ¶¶ 10-11). Defendant is a signatory to a Collective Bargaining Agreement (the "CBA") with the Union. (Id. ¶ 12). The CBA requires defendant to submit contribution reports setting forth the hours worked by each employee and to pay employee contributions to the Funds. (Id. ¶ 13; Henke Aff. ¶ 10, Ex. A).

According to the Complaint, Ditmars failed to pay contributions to the Funds for work performed during the months of December 2003 through October 2004. (Compl. ¶ 15; Henke Aff. ¶ 11). According to the Affidavit of Dana L. Henke, the defendant owes the Funds

---

[2]Citations to "Compl." refer to the Complaint filed September 7, 2006.

$133,109.04 in delinquent contributions for the period at issue. (Henke Aff. ¶ 11, Ex. C). This amount is derived from the remittance reports submitted by the defendant for this period. (Id.)

Under the CBA and under ERISA, when an employer fails to submit contributions, the employer becomes liable for interest on the delinquent contributions calculated at the rates set forth in the CBA, together with liquidated damages, costs, and attorneys' fees. In this case, plaintiffs assert that they are owed $81,132.26 in interest, and $2,390.00 in fees and costs. (See id.).[3]

On September 20, 2007, this Court issued an Order directing the parties to submit papers regarding the plaintiff's request for damages. Since that time, this Court has received plaintiff's papers in support of their claim for damages but to date, defendant has failed to respond.

## DAMAGES

It is well-settled that the burden is on the plaintiff to establish its entitlement to recovery. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992), cert. denied, 506 U.S. 1080 (1993); Clague v. Bednarski, 105 F.R.D. 552 (E.D.N.Y. 1985). When a default judgment is entered, the defendant is deemed to have admitted all well-pleaded allegations in the complaint pertaining to liability. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d at 158 (internal citations omitted); Montcalm Publ'g Corp. v. Ryan, 807 F. Supp. 975, 977 (S.D.N.Y. 1992) (internal citations omitted). However, the plaintiff must still

---

[3]The Court notes that under 29 U.S.C. § 1132(g)(c)(ii), plaintiff is also entitled to an award of liquidated damages. Plaintiff has not, however, requested them in its papers, and thus, no recommendation is made as to a liquidated damage award.

3

prove damages in an evidentiary proceeding at which the defendant has the opportunity to contest the claimed damages. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d at 158. "'While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation.'" Levesque v. Kelly Commc'ns, Inc., No. 91 CV 7045, 1993 WL 22113, at *4 (S.D.N.Y. Jan. 25, 1993) (quoting Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974)). Here, where defendant has failed to respond, and plaintiff has filed reasonably detailed declarations, affidavits, and exhibits pertaining to the damages incurred, the Court can make an informed recommendation regarding damages.

A. Damages Available Under ERISA

In an ERISA action brought by a fiduciary for or on behalf of a plan to enforce rights under Section 1145, the statute specifies the damages to be awarded when judgment is entered in favor of the plan. See 29 U.S.C. § 1132(g)(2). These include:

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of--
>     (i) interest on the unpaid contributions, or
>     (ii) liquidated damages provided for under
> the plan in an amount not in excess of 20
> percent (or such higher percentage as may be
> permitted under Federal or State law) of the
> amount determined by the court under
> subparagraph (A),
> (D) reasonable attorney's fees and costs of the
> action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court
> deems appropriate.

29 U.S.C. § 1132(g)(2). See also Iron Workers Dist. Council of W. N.Y. & Vicinity Welfare & Pension Funds v. Hudson Steel Fabricators & Erectors, Inc., 68 F.3d 1502 (2d Cir. 1995).

According to Article VII, Section 4 of the CBA that governs the Funds in this action, an employer that fails to make prompt and timely payment of fringe benefit contributions shall be liable to pay delinquent contributions owed, plus interest calculated at the rate of 2% per month. (See CBA, Article VII, Section 4).

1) Delinquent Contributions

Plaintiff has submitted the employer's monthly reports demonstrating that contributions in the amount of $133,109.04 were owed to the Funds for the period December 1, 2003 to October 31, 2004. (Henke Aff., Ex. D ("Amended Statement of Damages")). Having reviewed the reports submitted, it is respectfully recommended that plaintiff be awarded damages in the amount of $133,109.04, representing delinquent contributions owed for the period at issue.

2) Interest

Under the CBA and 29 U.S.C. § 1132(g)(2), plaintiff is entitled to an award of interest for late payment of contributions. (See CBA Article VII, Section 4). Based on the authorized rate of 2% per month, the Funds have calculated the interest owed up until November 30, 2006 as $81,132.26. (See Henke Aff., Ex. D). In addition, plaintiff is entitled to an award of interest that has accrued since that time, calculated at the same rate of 2% per month, in the amount of $39,931.65.

Having reviewed plaintiff's statement of damages and supporting documentation, this

Court respectfully recommends that plaintiffs be awarded a total of $121,063.91 in interest.

## ATTORNEYS' FEES

Plaintiff also seeks attorneys' fees in the amount of $2,000.00, representing services performed by counsel in connection with plaintiff's efforts to obtain this award. (Henke Aff. ¶¶ 18-19, Ex. D). In addition, plaintiff seeks reimbursement for certain costs and disbursements in the amount of $390.00. (Id. ¶ 19, Ex. D). An award of reasonable attorneys' fees and costs is provided for by ERISA. See 29 U.S.C. § 1132(g)(2)(D).

A. Standard

In determining the amount of attorneys' fees due, the Court looks to what a reasonable client would be willing to pay to determine the "presumptively reasonable fee." See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 484 F.3d 162, 169 (2d Cir.), amended and superceded at 493 F.3d 110, 117-18 (2d Cir. 2007) (adding a footnote regarding pro bono representation). In determining the rate that "a paying client would be willing to pay," courts are directed to consider, inter alia:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases . . .

493 F.3d at 114 (internal citation omitted); see also Warner Bros. Entm't, Inc. v. Carsagno, No. 06 CV 2676, 2007 WL 1655666, at *7 (E.D.N.Y. June 4, 2007) (applying some of these Arbor Hill factors).

Courts are also instructed to balance:

> the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively . . . , the timing demands of the case, whether the attorney had an interest (independent of that of his client) in achieving the ends of the litigation or initiated the representation himself, whether the attorney was initially acting pro bono . . . , and other returns (such as reputation, etc.) the attorney expected from the representation.

Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d at 112 n.2; see also Heng Chan v. Sung Yue Tung Corp., No. 03 CV 6048, 2007 WL 1373118, at *2 (S.D.N.Y. May 8, 2007) (applying some of these Arbor Hill factors).

In the present case, the Court has balanced the results obtained by counsel with the relative simplicity of a default action such as this, taking into account the skill and experience of the attorney. In addition, the Court is guided by substantial experience in similar cases to determine what a reasonable client would pay for similar services.

B. Application

In accordance with the decision in New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983), plaintiff's counsel submitted the affirmation of Mr. Henke setting forth the dates and amount of time during which services were rendered, and a description of services performed. (See Henke Aff. ¶ 18). According to the Affidavit, Mr.

Henke, along with several paralegals, spent a total of 9.5 hours on this case. (See id. ¶ 16). In his affidavit, Mr. Henke indicates that 7 hours were spent by him, charged at the rate of $250.00 per hour; and 2.5 hours were spent by paralegals who were billed at the rate of $100.00 per hour. (Id. ¶ 16).

The Court has reviewed the attorney's affidavit and, based on its familiarity with the going rates for lawyers and paralegals in this district, the Court concludes that the time spent, as detailed in plaintiff's request for attorneys' fees, appears to be reasonable and appropriate under the circumstances. Furthermore, this Court finds that the rate charged by Mr. Henke for his services is commensurate with the prevalent market rates in this district, and in accordance with what a reasonable client would pay for similar services.[4] However, the Court finds the rate requested for paralegals to be excessive.

Courts in this district have recognized $250 as a reasonable hourly rate for partners and $75 as a reasonable hourly rate for paralegals. See, e.g., Staples, Inc. v. W.J.R. Associates, No. 04 CV 904, 2007 WL 1039523, at *5 (E.D.N.Y. September 4, 2007) (reducing paralegal's hourly rate from $125 to $75 an hour); Finkel v. Tech Man, Inc., No. 06 CV 2264, 2007 WL 433399, at *1-2 (E.D.N.Y. February 6, 2007) (finding in a default ERISA action that the rate of $200 per hour for a lawyer with eight years of experience was reasonable, and citing cases finding up to $250 to be reasonable); Garden City Boxing Club, Inc. v. Rojas, No. 05 CV 1047, 2006 WL 3388654, at *7 (E.D.N.Y. November 21, 2006) (approving $75 an hour for paralegals); Commission Express Nat'l, Inc. v. Rikhy, No. 03 CV 4050, 2006 WL 385323, at *6 (E.D.N.Y.

---

[4] Mr. Henke asserts that he was admitted to practice in the Eastern District in 1990, and has been handling employee benefits cases for more than ten years. (See Henke Aff. ¶ 16).

8

February 17, 2006) (finding rates for paralegals approved in recent cases in this district range from $60-$75); Morin v. Nu-Way Plastering, Inc., No. 03 CV 405, 2005 WL 3470371, at *2 (E.D.N.Y. December 19, 2005) (finding prevailing rates for partners have ranged from $200-$300 and that the prevailing rate for paralegals was $75). Therefore, in accordance with recent caselaw in this district, the Court respectfully recommends that the paralegals' rate be reduced to $75 per hour.

Thus, the Court respectfully recommends that plaintiff be compensated $1,937.50 for attorney's fees. In addition, this Court respectfully recommends that plaintiff be reimbursed for filing fees and services fees as reasonable costs incurred in connection with the litigation, for a total of $2,327.50 in fees and costs.

## CONCLUSION

Accordingly, it is respectfully recommended that plaintiffs be awarded damages in the amount of $133,109.04 representing delinquent contributions, plus $121,063.91 in interest, and $2,327.50 in attorneys' fees and costs.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within ten (10) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
February 21, 2008

Cheryl L. Pollak
United States Magistrate Judge