UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
BOARD OF TRUSTEES OF THE UNITED UNION
OF ROOFERS, WATERPROOFERS & ALLIED
WORKERS LOCAL UNION NO. 8 W.B.P. & A.
FUNDS,

                  Plaintiff,                  **MEMORANDUM and ORDER**

      — against —                            06-CV-4854 (SLT)(CLP)

DITMARS ROOFING & SHEETMETAL
CONTRACTORS, INC.,

                  Defendant.
-------------------------------------------------------------------X
**TOWNES, United States District Judge:**

      On September 7, 2006, plaintiff, the Board of Trustees of the United Union of Roofers, Waterproofers & Allied Workers Local Union No. 8 W.B.P. & A. Funds ("Plaintiff" or the "Funds"), commenced this action against defendant Ditmars Roofing & Sheetmetal Contractors, Inc. ("Defendant" or "Ditmars") pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq. ("ERISA") and Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185. The complaint alleges that Defendant has failed and refused to pay monetary contributions to the Funds, as required by the effective collective bargaining agreement, and seeks to recover these delinquent contributions as well as interest, attorneys' fees, and costs.

      On September 26, 2007, Plaintiff filed an affidavit of service indicating that it had served the complaint on Defendant through the Office of the Secretary of the State of New York, on September 2, 2007. Defendant failed to appear, and, on January 29, 2007, Plaintiff moved for a default judgment. Thereafter, the Clerk of the Court noted Defendant's default in the action, and on September 19, 2007, this Court referred Plaintiff's motion to Magistrate Judge Cheryl L. Pollak for an inquest on damages.

Now before this Court is the Report and Recommendation of Judge Pollack, dated and filed on February 21, 2008 ("R&R"), in which she recommends that Plaintiff be awarded $133,109.04 in delinquent contributions, $121,063.91 in interest, and $2,327.50 in attorneys' fees and costs. The R&R instructs the parties that they should file their objections, if any, to the R&R within ten (10) days of receiving it. To date, the Court has not received any objections. For the reasons set forth below, the R&R is adopted in its entirety, and judgment shall be entered against Defendant in the amount of $256,500.45, as delineated in the R&R.

## DISCUSSION

Under 28 U.S.C. § 636(b)(1), if any party serves and files written objections to a magistrate judge's recommendations within ten days of being served with a copy thereof, a district court must "make a de novo determination of those portions of the report or . . . recommendations to which objection is made." Upon de novo review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). However, a court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nonetheless, when no objections are filed, many courts seek to satisfy themselves "that there is no clear error on the face of the record in order to accept the [magistrate judge's] recommendation." Fed. R. Civ. P. 72(b) advisory committee note (1983 Addition); *accord Edwards v. Town of Huntington*, No. 05-CV-339, 2007 WL 2027913, at *2 (E.D.N.Y. July 11, 2007); *cf. Lewis v. Berg*, No. 00-CV-1433, 2006 WL 1064174, at *2 n.8 (N.D.N.Y. Apr. 20, 2006).

Here, no party has filed any objections to the R&R. This Court, therefore, need not review Judge Pollak's factual or legal conclusions, but has nonetheless reviewed the R&R for clear error on the face of the record. Having reviewed the record, this Court finds no clear error. Accordingly, the R&R is adopted in its entirety, and Plaintiff is granted judgment against Defendant, in the amount of $133,109.04 for delinquent contributions, $121,063.91 for interest, and $2,327.50 for attorneys' fees and costs.

## CONCLUSION

Magistrate Judge Pollak's Report and Recommendation, dated February 21, 2008, is hereby adopted in its entirety. The Clerk of Court is directed to enter judgment in favor of Plaintiff in the amount of $133,109.04 for delinquent contributions, $121,063.91 for interest, and $2,327.50 for attorneys' fees and costs.

SO ORDERED.

Dated: Brooklyn, New York
March 17, 2008

*Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge